DIANA M. VIIRRE, Plaintiff-Appellant, v. ZAYRE STORES, INC., n/k/a TJX Companies, Inc., *et al.*, Defendants-Appellees.

Second District    No. 2—90—0753

Opinion filed April 25, 1991.

James J. Friedman, of Waukegan, for appellant.

Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan (Michael K. Noonan, of counsel), for appellee Leased Pet Departments, Inc.

No brief filed for appellee Zayre Stores, Inc.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Diana Viirre, brought an action in negligence against defendants, Zayre Stores, Inc., n/k/a TJX Companies, Inc. (Zayre), and Leased Pet Departments, Inc. (Leased Pet), seeking recovery for injuries allegedly sustained when dog beds in the Zayre pet department fell from a shelf and struck her on the head. Plaintiff appeals from various orders of the circuit court of Lake County dismissing count II of her second amended complaint against defendant Leased Pet and granting partial summary judgment in favor of defendant Zayre on plaintiff's fourth amended complaint.

Plaintiff purports to raise the following issues on appeal: (1) whether defendant Leased Pet should be equitably estopped from raising the statute of limitations as a defense to plaintiff's second amended complaint; (2) whether plaintiff's second amended complaint adding Leased Pet as a defendant after the expiration of the statute of limitations should be deemed to relate back to the date of the filing of plaintiff's original complaint; (3) whether the trial court's November 20, 1989, order dismissing defendant Leased Pet constitutes *res judicata* on the issue of defendant Zayre's vicarious liability for the alleged negligence of defendant Leased Pet; and (4) whether Supreme Court Rule 273 (134 Ill. 2d R. 273) and section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619)

are punitive in nature and violative of the Illinois and United States Constitutions. For reasons which will be made clear later in this opinion, defendant Zayre's failure to file an appellee's brief is immaterial. We will proceed under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The following chronology of events is relevant to the issues on appeal. In December 1986, defendant Zayre was a general merchandise, self-service store located in Waukegan, Illinois. Defendant Leased Pet was an Illinois corporation and a wholly owned subsidiary of Brasie Enterprises, Inc. Defendant Leased Pet leases space from discount stores to sell retail pet supplies. The working relationship, obligations and responsibilities between defendants Zayre and Leased Pet are pursuant to a master license agreement.

On December 28, 1986, plaintiff, while shopping in the pet department at defendant Zayre's store in Waukegan, Illinois, was allegedly struck on the head and injured when metal dog beds fell from a shelf. On January 21, 1987, plaintiff's attorney sent an explanatory letter and a notice of attorney's lien to defendant Zayre. On January 28, 1987, plaintiff's attorney sent a similar letter and notice of attorney's lien to defendant Leased Pet. On February 13, 1987, defendant Leased Pet's insurer, American States Insurance Companies, sent a letter to plaintiff's attorney acknowledging receipt of plaintiff's claim. On February 20, 1987, defendant Zayre's insurer, Liberty Mutual Insurance Group, sent a letter to plaintiff's attorney acknowledging receipt of the attorney's lien, and indicating that they were handling the claim. On July 8, 1987, Donald Hagen of American States Insurance, on behalf of Brasie Enterprises, informed plaintiff's attorney by letter that American States had concluded its investigation into plaintiff's claim and found that, since the insured had no control over the operation of the Zayre store involved, American States would be unable to consider the claim.

On May 4, 1988, plaintiff filed a one-count complaint sounding in negligence against defendant Zayre. Defendant Zayre filed its answer to plaintiff's complaint on June 30, 1988. On November 9, 1988, plaintiff's attorney received a letter from Endispute, Inc., an independent arbitration and mediation service, notifying plaintiff that an agent for defendant Zayre requested and Endispute undertake to negotiate or mediate the settlement of plaintiff's claim. On November 14, 1988, plaintiff's attorney responded to Endispute's offer and indicated that plaintiff would be willing to cooperate and participate in any settlement process.

On November 28, 1988, defendant Zayre filed a third-party complaint against defendant Leased Pet. On February 15, 1989, attorneys for defendant Leased Pet filed their appearance. On April 6, 1989, the attorneys for defendant Leased Pet were substituted for the attorneys for defendant Zayre and thereby became the attorneys of record for both defendants.

On June 26, 1989, defendant Zayre filed a motion for summary judgment, arguing that defendant Zayre's employees did not maintain, control or work in the area under lease to defendant Leased Pet. On July 10, 1989, plaintiff filed her first amended complaint adding Leased Pet as a defendant. On September 6, 1989, plaintiff filed her second amended complaint, pleading separate counts, both sounding in negligence, against defendants Zayre and Leased Pet. On September 18, 1989, defendant Zayre filed its answer to count I of the second amended complaint, and defendant Leased Pet filed a motion to dismiss count II of the second amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Defendant Leased Pet based its motion on the fact that it was added as a defendant after the expiration of the applicable two-year statute of limitations. On October 2, 1989, plaintiff filed cross-motions to defendant Zayre's motion for summary judgment and defendant Leased Pet's motion to dismiss. On November 20, 1989, the trial court granted defendant Leased Pet's section 2—619 motion to dismiss and denied both plaintiff's and defendant Zayre's motions for summary judgment.

On January 18, 1990, plaintiff filed her third amended complaint against defendant Zayre, its agents, servants, employees, partners and others, including Leased Pet. On January 30, 1990, plaintiff filed her fourth amended complaint, which was later amended on its face to read "Zayre, its agents, servants, employees, partners and including Leased Pet, Inc." On March 1, 1990, defendant Zayre filed a motion for summary judgment, arguing that, pursuant to Supreme Court Rule 273 (134 Ill. 2d R. 273), the involuntary dismissal of defendant Leased Pet constituted an adjudication upon the merits of plaintiff's claim against defendant Leased Pet and that therefore the count against defendant Zayre must fail since the alleged negligence of defendant Zayre was predicated upon the actions of defendant Leased Pet. On April 5, 1990, the trial court ruled that the court's order of November 20, 1989, dismissing defendant Leased Pet was a dismissal with prejudice. In addition, the court granted defendant Zayre a partial summary judgment, holding that all claims against

defendant Zayre predicated upon the acts or omissions of former defendant Leased Pet or its employees were barred.

On June 4, 1990, plaintiff filed her fifth amended complaint alleging that her injuries were caused by the negligence of defendant Zayre, its agents, servants, employees, partners and joint venturers. On July 5, 1990, the trial court, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), ruled that its orders of November 20, 1989, and April 5, 1990, were final and enforceable orders and that there was no just cause or reason for delaying their enforcement or appeal. Pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), the trial court also certified two questions for review regarding piercing the corporate veil of former defendant Leased Pet.

On July 10, 1990, plaintiff filed her notice of appeal pursuant to Supreme Court Rules 304(a) and 308 (134 Ill. 2d Rules 304(a), 308). However, plaintiff failed to file the requisite Rule 308 petition in a timely fashion. Therefore, this court on August 14, 1990, denied plaintiff's belated Rule 308 application for leave to appeal. On November 16, 1990, defendant Zayre filed a motion to strike portions of plaintiff's brief pursuant to Supreme Court Rule 375(a) (134 Ill. 2d R. 375(a)). This court, on November 27, 1990, ordered that this motion be taken along with the other issues presented on appeal.

We first address defendant Leased Pet's motion to strike portions of plaintiff's brief. On July 5, 1990, the trial court, pursuant to Supreme Court Rule 304(a), ordered that:

"(1). The Court Orders of November 20, 1989 and April 5, 1990 are final Orders since they dispose of one of the Defendants, Leased Pet Depts., Inc. and any claims based on the acts or omissions of Leased Pet Depts., Inc. These Orders and rulings of November 20, 1989 and April 5, 1990 are final and enforceable Orders and there is no just cause or reason for delaying their enforcement or appeal."

Also on July 5, 1990, the trial court, pursuant to Supreme Court Rule 308, certified two issues for appeal. The questions certified were:

"A. *ISSUE: Is The Corporation Whose Veil Is Sought To Be Pierced And/Or Its Dominating And Controlling Corporation Or Individual Necessary Parties Where The Purpose Of Piercing The Corporate Veil Is To Prove The Vicarious Liability Of A Party-Defendant.*

B. *ISSUE: Will The Remedy Of Piercing The Corporate Veil Be Allowed To Prove That The Dominating And controlling Corporation Or Individual Of The Pierced Corporation*

> *Were The Agents, Servants, Partners Or [sic] Of The Remaining Defendant (i.e. Zayre) Thereby Establishing The Vicarious Liability Of The Defendant.*"

In its motion, defendant Leased Pet argues that, while the dismissal of defendant Leased Pet falls within the purview of Rule 304, the partial summary judgment in favor of defendant Zayre falls outside that purview. In addition, defendant Leased Pet argues that the arguments contained in the portions of plaintiff's brief which are the subject matter of the motion to strike are specifically directed to those issues certified pursuant to Rule 308, issues which, since plaintiff's application was untimely, this court has refused to hear at this time. Specifically, defendant Leased Pet argues that pages 34 through 45 of the argument section of plaintiff's brief and related portions of plaintiff's points and authorities and statement of facts do not address the dismissal of defendant Leased Pet, but rather address the granting by the trial court of a partial summary judgment for defendant Zayre. Since the action against defendant Zayre is pending in the trial court, defendant Leased Pet maintains that defendant Zayre is not a proper party to this appeal and that inclusion of this material in plaintiff's brief is improper.

■ We note initially that, while defendant Leased Pet's motion asks this court to strike those portions of plaintiff's brief that relate to the granting of partial summary judgment to defendant Zayre, the motion by its nature also raises the question of this court's jurisdiction to review that order. Even though the parties do not specifically raise the issue, we have a duty to consider our jurisdiction and dismiss an appeal if jurisdiction is wanting. *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440.

■ ■ Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) provides, in pertinent part, that in an action involving multiple parties or claims, an appeal may be taken from a final judgment as to one or. more but fewer than all of the parties or claims only if the trial court makes an express finding that there is no just reason for delaying enforcement or appeal. However, the fact that the trial court made a finding pursuant to Rule 304(a) does not necessarily mean that the order was final and appealable if the order was not in fact final. (*American Federation of State, County & Municipal Employees v. State of Illinois* (1989), 192 Ill. App. 3d 108, 111.) In fact, the committee comments to Rule 304(a) state:

> "[I]t is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of a final

judgment appealable." (134 Ill. 2d R. 304(a), Committee Comments, at 245.)

The issue thus becomes whether the order granting defendant Zayre partial summary judgment was final and therefore appealable. An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof. *Vijuk Bindery Equipment, Inc. v. Transconex, Inc.* (1988), 171 Ill. App. 3d 408, 409-10; *Village of Burnham v. Cook* (1986), 146 Ill. App. 3d 124, 126.

■ Here, despite the trial court's finding of no just reason to delay enforcement or appeal, the order granting defendant Zayre partial summary judgment was not a final judgment as to a separate claim appealable under Rule 304(a). Plaintiff's single-count, fourth amended complaint did not involve multiple claims, but only a single claim of negligence. Where the bases of recovery for separate counts are different, and where the trial court makes the requisite finding, the dismissal of a count is appealable because it disposes of a distinct cause of action. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 25.) However, it is well settled that the statement of a single claim in several ways does not warrant a separate appeal. *Cunningham*, 22 Ill. 2d at 25; *Cashmore v. Builders Square, Inc.* (1990), 207 Ill. App. 3d 267, 271; *Hull v. City of Chicago* (1987), 165 Ill. App. 3d 732, 733.

In the present case, plaintiff was given leave to file a fifth amended complaint but was precluded by the trial court from basing any of the claims against defendant Zayre on the acts or omissions of former defendant Leased Pet. The allegations subject to the summary judgment order do not constitute a separate claim from that alleged in the fifth amended complaint. Plaintiff's fourth and fifth amended complaints both advance the same negligence claim, despite the absence of allegations as to defendant Leased Pet in the latter. Accordingly, as the fifth amended complaint is still pending below, we are without jurisdiction to review the nonfinal order granting partial summary judgment to defendant Zayre.

■ Because we believe this is a situation in which the trial court made an improper finding pursuant to Supreme Court Rule 304(a), and not a case where plaintiff failed to comply with Supreme Court Rule 375 (134 Ill. 2d R. 375), we deny defendant Leased Pet's motion to strike portions of plaintiff's brief. For the reasons set forth above, however, in what amounts to a distinction without a difference, plaintiff's appeal from the entry of partial summary judgment in favor of defendant Zayre, constituting argument sections D and E

at pages 34 through 45 of plaintiff's brief, is dismissed for lack of jurisdiction.

We next turn to the question of whether defendant Leased Pet is equitably estopped from asserting the statute of limitations as a defense to plaintiff's second amended complaint. In *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, the Illinois Supreme Court set forth the following six elements of equitable estoppel:

"First, there must be words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts. Second, the party against whom the estoppel is alleged must have had knowledge at the time the representations were made that the representations were untrue. *** [Citation.] Third, the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time that the representations were made and at the time that they were acted on by him. Fourth, the party estopped must intend or reasonably expect that his conduct or representations will be acted upon by the party asserting the estoppel or the public generally; the conduct and representations must be such as would ordinarily lead to the results complained of. [Citations.] Fifth, the party claiming the benefit of the estoppel must have in good faith relied upon the misrepresentation to his detriment. It has been said that this reliance must be reasonable, and that a party claiming estoppel cannot have acted improvidently. [Citation.] *** The sixth requirement is that the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof." *Vaughn*, 126 Ill. 2d at 162-63.

Having set forth the above elements, we examine the facts which plaintiff asserts give rise to equitable estoppel in the present case. The essence of plaintiff's argument is that defendants Zayre and Leased Pet induced plaintiff to refrain from joining Leased Pet as a defendant until after the expiration of the statute of limitations. The facts related to this basis for estoppel include plaintiff's allegations that defendant Zayre and/or its insurance carrier investigated the initial claim; collected plaintiff's medical bills and records; sent plaintiff a check for some medical services performed; referred the case to Endispute for mediation; hired attorneys to conduct discovery; and failed upon receipt of plaintiff's initial complaint to immediately file a motion to dismiss or a motion for summary judgment based on the

fact that defendant Leased Pet was an independent contractor. As to defendant Leased Pet, plaintiff implies that Leased Pet should have voluntarily stepped forward as the proper party defendant. Plaintiff also argues that a letter from defendant Leased Pet's insurer to her attorney on July 8, 1987, whereby the insurer stated that its insured "has no control over the operation of the Zayre store involved," constitutes conduct by Leased Pet that gives rise to estoppel.

■ We note at the outset that, as defendant Leased Pet points out, the bulk of plaintiff's argument on this issue is addressed to the activities of defendant Zayre which allegedly give rise to equitable estoppel. Of course, it is defendant Leased Pet, not defendant Zayre, against whom the estoppel must operate, since it was defendant Leased Pet that asserted the statute of limitations as a defense in the first place. Defendant Zayre cannot be estopped from asserting a defense it never raised. Nevertheless, we do not believe that any conduct of defendant Zayre or its insurer induced the plaintiff to refrain from filing against defendant Leased Pet until after the expiration of the statute of limitations.

Plaintiff's allegation that defendant Zayre should have immediately filed dismissal or summary judgment motions disclosing the nature of the relationship between Zayre and Leased Pet is without citation to any pertinent authority, and we find it to be without merit. In this respect, it is important to note that defendant Zayre never made a concession of liability. To the contrary, defendant Zayre's answer to plaintiff's initial complaint specifically denied any of the acts of negligence enumerated in the complaint. Moreover, the complaint never alleged that defendant Zayre owned or operated the pet department within its store. We will not reward plaintiff for her neglect by faulting defendant Zayre for not correcting plaintiff's errors. Finally, any doubt is resolved in defendant Zayre's favor by its filing of a third-party complaint against defendant Leased Pet one month prior to the expiration of the statute of limitations. Plaintiff contends that the third-party complaint was insufficient to prevent application of estoppel, in that the third-party complaint merely alleged that according to the master lease agreement between Zayre and Leased Pet, Leased Pet was to defend the negligence action and indemnify Zayre should plaintiff prevail. Plaintiff's characterization of the third-party complaint is incorrect. Count I of the third-party complaint alleged that Leased Pet was contractually obligated to maintain and run the pet department and sought statutory contribution. Count II alleged that Leased Pet was obligated to indemnify Zayre for any injuries which occurred in the pet department. Signifi-

cantly, a copy of the license agreement was attached to the third-party complaint. Paragraph 9(A) of the general provisions of the agreement expressly states that in the operation of the pet department, defendant Leased Pet was considered an independent contractor. Thus, plaintiff was clearly put on notice of the possibility that Leased Pet was a proper party defendant.

■ As to defendant Zayre's insurer, while it is true that the conduct of a defendant's insurer which induces a plaintiff to reasonably believe that a claim will be settled may estop that defendant from relying on the statute of limitations as a defense (*AXIA, Inc. v. Harbour Construction Co.* (1986), 150 Ill. App. 3d 645, 655), it is also true that the mere pendency of negotiations conducted in good faith is insufficient to give rise to estoppel. (*AXIA*, 150 Ill. App. 3d at 655.) We cannot infer from the facts relating to settlement and negotiation of plaintiff's claim that the conduct of defendant Zayre's insurer was in any way calculated to lull plaintiff into a reasonable belief that the claim would be settled without suit.

As to defendant Leased Pet, plaintiff argues that the July 8, 1987, letter from defendant Leased Pet's insurer to plaintiff's attorney gives rise to equitable estoppel. We disagree. Plaintiff's characterization of the letter is taken out of context and fails to tell the entire story. On January 28, 1987, plaintiff's attorney sent Leased Pet a notice of attorney's lien. The letter accompanying the notice stated that the attorney had been retained by plaintiff to represent her in a claim for damages as a consequence of an *automobile accident*. On February 13, 1987, Leased Pet's insurer notified plaintiff's attorney that they had received the notice of attorney's lien, and that they were handling the claim. On July 8, 1987, Leased Pet's insurer sent the above referenced letter to plaintiff's attorney. In the letter, the insurer states that it has concluded its investigation into plaintiff's claim. The following paragraph from the letter is significant:

> "We note that the date of the accident is on a Sunday, and our drivers do not make deliveries on Sundays. Moreover, a careful polling of the five drivers who might have made those deliveries previous to the date of loss has revealed that the practice was to simply deliver boxes of supplies to the areas indicated in the Zayre store involved."

The letter concludes by stating that unless plaintiff's attorney possessed additional information which would alter the investigation, the insurer was unable to consider the claim.

Viewed in this light, it seems clear that, based on the January 28, 1987, letter from plaintiff's attorney, defendant Leased Pet's in-

surer conducted an investigation into an automobile accident at the Zayre store. After interviews with Leased Pet's drivers provided no insight into the claim, the insurer concluded that consideration of the claim was unwarranted. We note that nothing in the record indicates that plaintiff's attorney made any attempt to clear up any confusion or provide the insurer with further information regarding the claim. In fact, nothing in the record indicates any further contact between plaintiff and defendant Leased Pet or its insurer until after the third-party complaint against Leased Pet was filed. We do not view the letter of July 8, 1987, as conduct giving rise to equitable estoppel. Rather, we agree with defendant that plaintiff has failed to demonstrate activity by defendant Leased Pet, the party against whom the estoppel is to operate, which would give rise to equitable estoppel.

In the context of the facts presented here, we conclude that neither the conduct of defendant Zayre nor that of defendant Leased Pet was sufficient to establish an estoppel to prevent defendant Leased Pet from raising the defense of the statute of limitations.

Next, plaintiff contends that her first amended complaint adding Leased Pet as a defendant should be deemed to relate back to the date of the filing of her original complaint. To reiterate, the following dates are relevant to our treatment of this issue. On December 28, 1986, plaintiff was allegedly injured in defendant Zayre's store. On May 4, 1988, plaintiff filed her initial single-count complaint against defendant Zayre. On December 28, 1988, the two-year statute of limitations expired. On July 10, 1989, plaintiff filed her first amended complaint, consisting of a single negligence count, adding Leased Pet as a defendant. On September 6, 1989, defendant filed her second amended complaint alleging separate counts of negligence against defendants Zayre and Leased Pet. On November 20, 1989, the trial court granted defendant Leased Pet's section 2—619 motion to dismiss for failure to comply with the statute of limitations. For the following reasons, we conclude that plaintiff's amended complaint cannot relate back to her original complaint against defendant Zayre.

■ Section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d)), which governs the addition of parties after the statute of limitations has run, provides in pertinent part:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought ***, if all the following *** conditions

are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another ***; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ***. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." Ill. Rev. Stat. 1987, ch. 110, par. 2—616(d).

The parties appear to be in agreement that conditions (1), (4), and (5) above have been met. Plaintiff contends that all of the conditions have been met, while defendant Leased Pet argues that plaintiff has failed to meet conditions (2) and (3). However, if any one of the conditions of section 2—616(d) is not satisfied, then plaintiff cannot avail herself of the relation back doctrine. *Thomson v. McDonald's, Inc.* (1989), 180 Ill. App. 3d 984, 987.

■■ We first address the second condition of the statute, inadvertence. In support of her position that failure to join Leased Pet as a defendant was inadvertent, plaintiff simply refers us back to her statement of facts and equitable estoppel argument. It has been said that the word "inadvertence" means excusable ignorance, not excusable failure to act after the true facts are discovered. (*Campbell v. Feuquay* (1986), 140 Ill. App. 3d 584, 588.) Indeed, a plaintiff must act with reasonable diligence to add the proper parties after their identity becomes known. *Campbell*, 140 Ill. App. 3d at 588.

As noted previously, within one month of the occurrence at defendant Zayre's store, plaintiff served defendant Leased Pet with a notice of attorney's lien. In addition, 30 days prior to the expiration of the statute of limitations, defendant Zayre filed a third-party complaint against Leased Pet alleging that responsibility for plaintiff's injuries, if any, lay with Leased Pet. Attached to the third-party complaint was the master license agreement between Zayre and Leased Pet, wherein defendant Leased Pet was described as an independent

contractor in its relationship with defendant Zayre. Thus, the identity of defendant Leased Pet was clearly known to plaintiff within one month of the accident and the allegations in the third-party complaint were of record one month prior to the expiration of the statute of limitations. These facts tend to dissuade us from a finding that plaintiff was merely inadvertent.

Moreover, defendant Leased Pet argues that, from the date of filing her initial complaint on May 4, 1988, through the expiration of the statute of limitations on December 28, 1988, plaintiff failed to initiate any discovery. Plaintiff replies that the deposition of Zayre store manager Lee Suter was in fact taken. However, the record reveals that the deposition of Lee Suter was not taken until May 15, 1990, over two years after the expiration of the statute of limitations. The deposition of William S. Brasie of Brasie Enterprises, Inc., of which Leased Pet is a wholly owned subsidiary, was not taken until February 2, 1990. Defendant Leased Pet is correct in its assertion that the record demonstrates the absence of discovery by plaintiff prior to the expiration of the statute of limitations.

■■ In light of the foregoing, we conclude that the inadvertence requirement of section 2—616(d) was not satisfied. As a result, there is no need to discuss plaintiff's argument concerning the third condition of the statute, service on the correct party but in the wrong capacity. Therefore, the trial court did not err in dismissing count II of the second amended complaint on the ground that it was barred by the statute of limitations.

The plaintiff's appeal from the trial court's order granting summary judgment to defendant Zayre is dismissed. The court's dismissal of defendant Leased Pet is affirmed.

Appeal dismissed in part; affirmed in part.

REINHARD, P.J., and McLAREN, J., concur.