488 S.E.2d 327

**Christopher Scott BLACK, Appellant,**

v.

**LEXINGTON SCHOOL DISTRICT NO. 2, Respondent.**

**No. 24649.**

Supreme Court of South Carolina.

Heard Feb. 19, 1997.

Decided July 21, 1997.

56

John D. Elliott, Columbia, for Appellant.

George Nicholson, Jr. and Patrick J. Frawley, Lexington, for Respondent.

TOAL, Justice:

Plaintiff Christopher Black ("Student") appeals the circuit court's dismissal of his action against Defendant Lexington County School District 2 ("School District"). Specifically, Student contends the circuit court erred in refusing to consider his affidavit opposing School District's motion for summary judgment and also erred in granting summary judgment. We conclude that summary judgment would have been appropriate even had the affidavit been considered. Accordingly, we affirm.

### FACTUAL/PROCEDURAL BACKGROUND

On March 27, 1991, Student injured his hand when a glass door he was opening at Brookland–Cayce High School shattered. At the time of the injury, Student was seventeen years old. He turned eighteen on August 8, 1991.

The South Carolina Tort Claims Act contains a two-year statute of limitations for tort claims against a governmental entity. S.C.Code Ann. § 15–78–100(a) (Supp.1996). However, section 15–78–100 further provides that the limitations period is extended an additional year (three years total) when the claimant has filed a verified claim pursuant to S.C.Code Ann. § 15–78–80 (Supp.1996). When the claimant is a minor, the running of the statute is tolled until the claimant reaches the age of majority. In the present case, therefore, the statute of limitations on Student's tort claim against School District began to run on August 8, 1991, Student's eighteenth birthday.

Student never filed a verified claim, so the limitations period ended August 8, 1993, two years after Student attained majority. Although Student had retained counsel, his attorney did not serve the Complaint upon School District until February 8, 1995. The Complaint contained allegations that School District had induced Student into not filing a complaint and should be equitably estopped from claiming the statute of limitations as a defense. Nevertheless, School District moved for summary judgment based on the running of the statute of limitations.

On January 4, 1996, at the original hearing on School District's motion for summary judgment, Student attempted to present the "affidavit" of his original lawyer, who had discussed Student's claim with School District's insurance carrier. This "affidavit" was submitted in support of Student's argument concerning equitable estoppel. Although the document was a sworn statement, it did not comply with South Carolina's requirements for a valid affidavit because it was not notarized. The judge granted Student a continuance so that Student could obtain a valid affidavit from his former lawyer.

The second hearing was held at 3:00 p.m. on January 17, 1996. Three hours before the hearing, Student's lawyer faxed the notarized affidavit to School District's lawyer. The new affidavit differed slightly from the sworn statement presented at the original hearing. At the second hearing, the lawyer for School District argued the affidavit was not timely served as required by Rule 56, SCRCP, and that the affidavit could not, therefore, be considered. The trial court agreed and refused to consider the contents of the affidavit. The court then

dismissed the action, finding the statute of limitations had run on Student's tort claim.

Student appeals.

## LAW/ANALYSIS

Student argues that the trial court abused its discretion in excluding the affidavit because of Student's failure to comply with the time limits for service of the affidavit. We find no abuse of discretion in the exclusion of the affidavit. Moreover, we conclude the affidavit did not create any genuine issue of material fact regarding equitable estoppel and that School District would have been entitled to summary judgment even had the affidavit been considered.

Rule 56(c) of the South Carolina Rules of Civil Procedure specifies the time limits for filing papers in response to motions for summary judgment. It provides: "The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing. *The adverse party may serve opposing affidavits not later than two days before the hearing.*" (emphasis added). Rule 56 does not state the consequences of failing to comply with this service requirement.

In *Folkens v. Hunt*, 290 S.C. 194, 348 S.E.2d 839 (Ct.App. 1986), the Court of Appeals construed former Rule 44 of the South Carolina Circuit Court Rules. That rule was similar to current Rule 56, SCRCP, except that a party could serve an opposing affidavit as little as one day before the summary judgment hearing. In *Folkens,* the party opposing the summary judgment motion failed to file his opposing affidavit until the first day of a two-day hearing, and the trial judge excluded the affidavit from consideration. On appeal, that party argued the trial judge erred in refusing to consider the affidavit.

The Court of Appeals disagreed, holding that "[t]o warrant consideration, an affidavit must be served on the opposing party no later than the day before the start of the hearing." *Id.* at 206, 348 S.E.2d at 846. *See also McQuaig v. Brown,* 270 S.C. 512, 242 S.E.2d 688 (1978) (finding that where affidavit opposing summary judgment was not timely served and not considered by trial court, appellate court could not

properly consider matter contained in affidavit); *Slaughter v. Southern Talc Co.*, 919 F.2d 304 (5th Cir.1990)(tactical decision not to introduce affidavits at summary judgment motion did not constitute excusable neglect justifying late filing of affidavits); *Settecasi v. Board of Pub. Instruction of Pinellas County*, 156 So.2d 652 (Fla.Ct.App.1963)(where affidavits were not timely filed, they were properly excluded from consideration at summary judgment motion); *Hershiser v. Yorkshire Condominium Assn.*, 201 Ga.App. 185, 410 S.E.2d 455 (1991)(finding party was not entitled to have affidavits considered in summary judgment motion where they were not timely filed and party made no showing of excusable neglect); *Bonnette v. Century Ready–Mix Corp.*, 369 So.2d 1201 (La.Ct. App.)(court did not err in failing to consider party's affidavits where affidavits were not timely served), *writ denied*, 373 So.2d 525 (La.1979); *Chaplain v. Chaplain*, 101 N.C.App. 557, 400 S.E.2d 121 (no error in refusing to consider untimely affidavits where no showing of excusable neglect), *rev. denied*, 328 N.C. 570, 403 S.E.2d 508 (1991). *But see Learch v. Bartell*, 122 A.D.2d 596, 504 N.Y.S.2d 918 (N.Y.A.D. 1986)(court did not err in considering untimely affidavits where there was no showing of prejudice to opposing party). *Folkens and McQuaig* stand for the proposition that the trial court may refuse to consider materials that were not timely served such that the opposing party had no time to prepare a response. In the present case, Student's lawyer admits his failure to serve the affidavit within the time required by Rule 56 and does not assert any good excuse for that failure. Under these circumstances, the trial court did not abuse its discretion by refusing to consider the affidavit.

Nevertheless, even if the affidavit of Student's former lawyer had been considered, School District would have been entitled to summary judgment. The affidavit and its attachments purport to show that School District led Student to believe it planned to settle the case and that, based on School District's inducements, Student delayed filing suit. Under such a theory, School District would be equitably estopped from asserting the statute of limitations as a bar to Student's case. The question here is whether the affidavit and attachments, if admitted, would have presented a genuine issue of material fact concerning equitable estoppel.

 Under South Carolina law, "a defendant may be estopped from claiming the statute of limitations as a defense if 'the delay that otherwise would give operation to the statute had been induced by the defendant's conduct.'" *Wiggins v. Edwards,* 314 S.C. 126, 130, 442 S.E.2d 169, 171 (1994)(quoting *Dillon County School Dist. Number Two v. Lewis Sheet Metal Works, Inc.,* 286 S.C. 207, 332 S.E.2d 555 (Ct.App.1985), *cert. dismissed,* 288 S.C. 468, 343 S.E.2d 613 (1986), *overruled on other grounds by Atlas Food Sys. & Servs. v. Crane Nat'l Vendors,* 319 S.C. 556, 462 S.E.2d 858 (1995)). Such inducement may consist either "of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary." *Id.* Although the issue whether a defendant is estopped from claiming the statute of limitations is ordinarily a question of fact, summary judgment is appropriate where there is no evidence of conduct on the defendant's part warranting estoppel. *Vines v. Self Mem. Hosp.,* 314 S.C. 305, 443 S.E.2d 909 (1994). Moreover, the mere fact that settlement negotiations have been undertaken is no bar to the defendant's assertion of the statute of limitations. *See Gadsden v. Southern Railway,* 262 S.C. 590, 206 S.E.2d 882 (1974).

In *Vines,* 314 S.C. 305, 443 S.E.2d 909, which was brought under the Tort Claims Act, the defendant claimed the statute of limitations as a bar, and the plaintiff argued the defendant was equitably estopped from asserting the statute. The plaintiff based her equitable estoppel argument on the fact the defendant's employees assisted her in completing certain claim forms. She argued that this assistance "caused her to believe she had done all that she needed to do." *Vines,* 314 S.C. at 308, 443 S.E.2d at 911. The trial court rejected this argument and granted the defendant's motion for summary judgment based on the statute of limitations. On appeal, this Court affirmed, finding there was no showing that the plaintiff had delayed filing suit in reliance on the defendant hospital's conduct. *Id.*

In *Dillon County School District Number Two,* 286 S.C. 207, 332 S.E.2d 555, plaintiff Dillon County School District brought suit against several entities that had designed and constructed the roof on a school building. The roof had problems with leakage almost from the time of its construc-

tion, and over a period of several years, those who designed and constructed the roof undertook repairs and made repeated promises to correct all problems. When it finally became apparent that the roof was hopelessly defective, the plaintiff filed suit against the various entities. The defendants pleaded the statute of limitations as a bar to the action, and the plaintiff countered that the defendants should be equitably estopped from claiming the statute. The trial court granted summary judgment against the plaintiff, and the plaintiff appealed.

█ On appeal, this Court found that summary judgment was inappropriate as to certain defendants because the Record contained evidence from which a factfinder could conclude the defendants should be estopped from claiming the statute of limitations:

> In our view, one could reasonably infer from the correspondence found in the record and from the employment of a roofing expert, the visits to the school either to conduct meetings relating to roof repairs or to investigate new roof problems, and the numerous attempts to repair the roof, that [certain defendants] assured the School District its problems with the roof would be corrected and litigation would not be required.

> We therefore hold a [factual] question [1] exists regarding whether [defendants] invited the very delay they now assert as a defense to the School District's claim.

*Id.* at 219, 332 S.E.2d at 562.

In contrast, the Court in *Gadsden v. Southern Railroad,* 262 S.C. 590, 206 S.E.2d 882, found the trial court correctly granted summary judgment based on the statute of limitations where the record revealed that, at most, "negotiations for a settlement were undertaken but never finalized." *Gadsden,* 262 S.C. at 592, 206 S.E.2d at 883. The Court also noted that the record contained no evidence "that the defendant made

---

**1.** Recently, this Court clarified that equitable estoppel is an *equitable* issue to be determined by the *judge* rather than by the jury. *See Gaymon v. Richland Mem. Hosp.*, 327 S.C. 66, 488 S.E.2d 332 (1997). *Vines, Dillon,* and similar cases should be read for the proposition that equitable estoppel typically is a question of fact for the fact-finder (the judge), not for the incorrect proposition that equitable estoppel is a jury question.

any misrepresentations or misled the plaintiff or her counsel."
*Id.*

Recently, in *Moates v. Bobb,* 322 S.C. 172, 470 S.E.2d 402 (Ct.App.1996), the Court of Appeals held the trial court erred in finding a defendant was equitably estopped from asserting the statute of limitations as a defense to the plaintiffs' claim. The trial court had found that the references to "settlement" by the defendant's insurer, as well as an "advance toward settlement," constituted inducements to the plaintiffs to forbear from bringing suit before expiration of the statute of limitations, and that, therefore, the defendant was equitably estopped from pleading the statute of limitations as a defense. The Court of Appeals disagreed. Citing *Gadsden,* it stated:

A review of the record in this case shows [plaintiffs' lawyer] did not even *begin* settlement negotiations, let alone finalize them. Although the letters from [defendant's insurer] to [plaintiffs' lawyer] refer to the goal of "settlement" of the case, the clear purpose of the letters was to ask [plaintiffs' lawyer] to forward essential medical information … so the parties could "get moving toward the settlement" of the case.

*Moates,* 322 S.C. at 174–76, 470 S.E.2d at 403–04 (emphasis in original).

*Moates* and *Gadsden* make clear that settlement negotiations or statements expressing interest in settlement are insufficient to give rise to a claim that a defendant is equitably estopped from asserting the statute of limitations. *See also, e.g., Grabert v. Lightfoot,* 571 So.2d 293 (Ala.1990)(finding that engaging in settlement negotiations does not estop party from asserting statute of limitations as a defense, absent some affirmative inducement to the claimant to delay bringing action); *Howe v. Groover,* 219 Ga.App. 112, 464 S.E.2d 240, 242 (1995)(finding no waiver of right to assert statute of limitations, where there was no evidence that defendant's insurer did anything, "other than merely negotiate, to lull the plaintiff into believing she would be paid without having to file her suit within the statute of limitation"); *Viirre v. Zayre Stores, Inc.,* 212 Ill.App.3d 505, 156 Ill.Dec. 622, 571 N.E.2d 209 (1991)(mere pendency of negotiations conducted in good faith insufficient to estop defendant from relying on statute of

limitations as a defense); *Bennett v. Metro–North Commuter R.R.*, 231 A.D.2d 662, 647 N.Y.S.2d 554, 555 (N.Y.A.D. 1996)("The mere fact that settlement negotiations have been ongoing between parties is insufficient to estop a party from asserting the Statute of Limitations as a defense.")(citing, *inter alia, Procco v. Kennedy*, 88 A.D.2d 761, 451 N.Y.S.2d 487 (N.Y.A.D.1982), *aff'd*, 58 N.Y.2d 804, 459 N.Y.S.2d 267, 445 N.E.2d 650 (1983)); *Duke Univ. v. St. Paul Mercury Ins. Co.*, 95 N.C.App. 663, 384 S.E.2d 36, 42 (1989)(finding that settlement discussions and defendant's statement that there was a "possibility" of coverage under insurance policy were insufficient to demonstrate the defendant was equitably estopped from asserting the statute of limitations as affirmative defense in lawsuit); *Sanchez v. City of Sand Springs*, 789 P.2d 240 (Okla.1990)(where party did not undertake negotiations with the plaintiff nor admit liability, plaintiff could not argue defendant was equitably estopped from asserting statute of limitations); *Darien Capital Mgmt., Inc. v. Public School Employes' Retirement Sys.*, 668 A.2d 210 (Pa.Cmwlth.1995)(mere negotiations toward amicable settlement afford no basis for estoppel of statute of limitations defense); *Lockard v. Deitch*, 855 S.W.2d 104 (Tex.Ct.App.1993)(absent bad faith or fraud, settlement negotiations between a plaintiff and defendant do not constitute a waiver of the defendant's right to assert the statute of limitations).

■ The present case is far more like *Vines, Gadsden,* and *Moates* than like *Dillon.* Here, the sole piece of evidence proffered to support Student's position on equitable estoppel was an affidavit by Student's former lawyer and a few letters from that lawyer to the claims adjuster for School District. The attached letters establish only that Student's former lawyer was helping School District's claims adjuster to complete his investigation. *See, e.g., Sanchez*, 789 P.2d 240 (where party was simply conducting investigations into plaintiff's claim, plaintiff could not argue party was estopped from asserting statute of limitations). Obviously, because they were from *Student's* lawyer, the letters contained no representations or inducements by *School District.* The affidavit itself contains the following allegations relating to any inducements not to file suit:

5. I had a series of discussions and correspondence with Mr. Lilly [claims adjuster] and various school district officials about this claim. On several occasions Mr. Lilly told me that, in essence, he was confident we could settle this matter if he had an opportunity to complete an investigation. I provided him with information he requested concerning an investigation and this continued through at least January 17, 1994.

6. *Although Mr. Lilly did not accept liability on behalf of the school district,* he led me to believe that the school district and the carrier were *interested in settling the case* and that there was no need to commence legal action. I therefore did not commence suit based on those discussions and general representations.

(emphasis added).

These fairly conclusory allegations are a far cry from the detailed records in *Dillon County School District*. Furthermore, we do not believe mere statements that the carrier and School District were "interested in settling the case" are sufficient to demonstrate a genuine issue of material fact. In *Gadsden,* the Court found that even if the parties had actually commenced settlement negotiations, that was insufficient as a matter of law to justify denial of summary judgment. Here, the affidavit appears to indicate that, at most, School District was *interested* in settling the case, but that no actual negotiations had been undertaken. *See Moates,* 322 S.C. 172, 470 S.E.2d 402 (finding claim of equitable estoppel inappropriate where parties had not even begun settlement negotiations). The unimpressive strength of the allegations in the affidavit is weakened further by the affiant's concession that "Mr. Lilly did not accept liability on behalf of the school district." The affidavit and attachments are insufficient, as a matter of law, to create a genuine issue of material fact regarding whether School District is equitably estopped from asserting the statute of limitations as a bar to Student's action.

## CONCLUSION

For the foregoing reasons, the circuit court's order granting summary judgment to School District is **AFFIRMED**.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.