**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Chris Phillips and Chris Phillips Builders, Inc.,
Appellants,

v.

Frank Ferez and Suzie Ferez, Respondents.

Appellate Case No. 2012-209587

---

Appeal From Lexington County
Doyet A. Early, III, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-246
Submitted April 1, 2014 – Filed June 25, 2014

---

**AFFIRMED**

---

Stanley Lamont Myers, Sr., and Michael Brooks
Biediger, both of Moore, Taylor, & Thomas, P.A., of
West Columbia, for Appellant.

Jefferson D. Griffith, III, and Richard Lee Whitt, both of
Austin & Rogers, P.A., of Columbia, for Respondent.

---

**PER CURIAM:** In this breach of contract action filed by Chris Phillips and Chris
Phillips Builders, Inc. (Phillips) against Frank Ferez and Suzanne Ferez
(collectively Homeowners), Phillips appeals the trial court's ruling directing a

verdict in favor of Homeowners.  Phillips argues the trial court erred in finding: (1) his claim was barred by the statute of limitations; (2) Homeowners were not estopped from raising the statute of limitations as a defense; and (3) the statute of limitations should not have been tolled based on the doctrine of equitable tolling. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Phillips's claim was barred by the statute of limitations:  S.C. Code Ann. § 15-3-530(1) (2005) (providing a three-year limitations period for "an action upon a contract, obligation, or liability, express or implied"); *Maher v. Tietex Corp.*, 331 S.C. 371, 376-77, 500 S.E.2d 204, 207 (Ct. App. 1998) (stating the discovery rule applies to breach of contract actions, and pursuant to the discovery rule, the action accrues on the date the aggrieved party knew or could have discovered the breach through the exercise of reasonable diligence).

2. As to whether Homeowners were equitably estopped from raising the statute of limitations as a defense:  *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1997) ("Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." (internal quotation marks and citation omitted)); *id.* ("Such inducement may consist either of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary." (internal quotation marks and citation omitted)); *id.* ("Although the issue [of] whether a defendant is estopped from claiming the statute of limitations is ordinarily a question of fact, summary judgment is appropriate where there is no evidence of conduct on the defendant's part warranting estoppel.").

3. As to whether the statute of limitations should have been equitably tolled: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.