**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

University Motor Company, Inc., Appellant,

v.

Maurice Dawkins, Respondent.

Appellate Case No. 2019-000611

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

Unpublished Opinion No. 2021-UP-359
Submitted October 15, 2021 – Filed October 20, 2021

**REVERSED AND REMANDED**

Robert Powell Jackman, of Kinard & Jones, LLC, of Lexington, for Appellant.

William Franklin Barnes, III, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, for Respondent.

**PER CURIAM:** University Motor Company, Inc. (University Motor) appeals an order from the circuit court granting Maurice Dawkins's motion to dismiss. On appeal, University Motor argues the circuit court erred by failing to find Dawkins was estopped from asserting the statute of limitations.

The circuit court erred because there was a genuine issue of material fact as to whether Dawkins's actions induced University Motor to forego litigation such that Dawkins should be estopped from asserting a statute of limitations defense. Accordingly, we reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities: Rule 12(c), SCRCP ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[, SCRCP], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); *Wells v. City of Lynchburg*, 331 S.C. 296, 301, 501 S.E.2d 746, 749 (Ct. App. 1998) ("A [circuit] court should grant a motion for summary judgment when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *Kleckley v. Nw. Nat. Cas. Co.*, 338 S.C. 131, 136, 526 S.E.2d 218, 220 (2000) ("Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." (quoting *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1997))); *id.* at 136-37, 526 S.E.2d at 220 ("Such inducement may consist of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary.").

**REVERSED AND REMANDED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.