ARTHUR T. SUSMAN, Plaintiff-Appellant, v. VERN D. PRICE *et al.*, Defendants (Joseph Sadacca, Defendant-Appellee).

First District (5th Division)   No. 1—91—0675

Opinion filed June 5, 1992.

Robert E. Williams, of Susman, Saunders & Buehler, of Chicago, for appellant.

Gene K. Edlin, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Arthur T. Susman, claims an interest in the real property of defendants, Vern D. Price and Norma Price. Susman appeals under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) from an order finding that if his option to purchase the Prices' property was enforceable, he was only entitled to 25% of the sale proceeds rather

than 25% of the real estate itself. The order also allowed the Prices to sell their property to defendant, Joseph Sadacca. We consider whether the order appealed from was a final judgment as required under Rule 304(a). For the following reasons, we dismiss the appeal for lack of jurisdiction.

Susman filed a two-count complaint against the Prices and Sadacca. In count I, he requested a declaratory judgment to determine his right under the option agreement to purchase an interest in the property, and in count II, he sought specific performance to purchase an interest in the property.

Susman alleged that the Prices owned the property at 1016-18 West Madison Street in Chicago. When they failed to pay the real estate taxes on the property, it was sold and a tax deed was issued. The Prices were unable to obtain a loan to buy the property back, and they discussed the matter with Susman, who was their attorney. Susman agreed to assist them but advised them that he was not acting as their attorney and that they should retain other counsel.

Susman and the Prices obtained an $80,000 loan and mortgage to purchase the property and, in exchange, the Prices granted Susman an "option to purchase an undivided one quarter interest (1/4th) in the property and improvements located at 1018 West Madison Street" for $60,000. The agreement provided that the Prices had a duty to "enter into a *bona fide* sale of the [p]remises resulting in the transfer of all of the title and beneficial ownership of [the Prices'] interest in the property on or before August 17, 1989."

Susman alleged that on August 15, 1989, the Prices contracted to sell the property to Sadacca for $450,000. Beginning in November of 1989, Susman contacted the Prices to determine the status of the contract, and in February of 1990, they refused to honor his option.

The Prices answered the complaint and denied the material allegations. They asserted that Susman acted as their attorney and that they signed the agreement without understanding it. They also stated that the agreement attached to Susman's complaint had a different first page than the one they signed.

The trial judge ordered the parties to submit memoranda on the meaning of the option agreement. After a hearing, the judge found that because Susman exercised his option after the Prices entered into the real estate contract with Sadacca, Susman was only entitled to an interest in the sale proceeds. The judge entered an order which stated in part:

> "The court finds that [Susman], if the option be in effect and enforceable, is entitled to 25% of net proceeds of sale and not

to any interest in the fee simple of the improved real estate, and

IT IS HEREBY ORDERED

(1) The sale of the property with regard to which this suit was brought may proceed, said property to be sold to \*\*\* Sadacca per the contract referred to in the pleadings and briefs.

(2) The court expressly denies [Susman's] request to stay the sale pending appeal.

\* \* \*

(5) To the extent that [Susman] may be determined to have an interest in the earnest money of $19,000 previously paid to [the Prices], [Susman] shall be entitled to receive 25% credit for [his] share with interest as may be determined, against the share of [the Prices] of the $60,000 option-exercise price now on deposit with the Clerk of the Court.

(6) Pursuant to Illinois Supreme Court Rule 304 the court expressly finds that there is no just reason for delaying enforcement or appeal."

Susman filed a timely notice of appeal from the order. This court stayed the sale of the property pending appeal.

OPINION

■ Initially, we note that Sadacca's brief was not considered on appeal because he did not cite any law to support his argument, violating Supreme Court Rules 341(e)(7) and (f), which require that arguments be supported with citation to authority. (134 Ill. 2d Rules 341(e)(7), (f).) Arguments raised without citation to authority do not merit consideration and are waived. *Lunde v. Rockford Public Library Board* (1987), 153 Ill. App. 3d 803, 506 N.E.2d 385.

■ Turning to the question of jurisdiction, Supreme Court Rule 304(a) allows an appeal from a final judgment which disposes of fewer than all of the parties or claims only if the trial judge made an express written finding that there was no just reason for delaying enforcement or appeal. (134 Ill. 2d R. 304(a).) Although a judgment may state that it was entered pursuant to Rule 304(a), it is not appealable unless it was a final judgment. (134 Ill. 2d R. 304(a); *Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096, 569 N.E.2d 1273.) A judgment is final if it disposes of the rights of the parties either on the entire controversy or on some definite and separate part of it. *Arachnid*, 210 Ill. App. 3d 1096, 569 N.E.2d 1273.

■ In this case, the order stated that if the option agreement was enforceable, Susman was only entitled to an interest of the sale

proceeds rather than an interest in the fee simple ownership of the property. The order was conditioned on the statements that "if the option be in effect and enforceable" and "to the extent that [Susman] may be determined to have an interest." This language is tentative and not indicative of a final judgment. Susman contends that the order was final because it adjudicated Sadacca's rights under the option agreement; however, the order did not dismiss Sadacca as a party or enter judgment in his favor. Also, it did not dispose of either count of Susman's complaint. As a result, the order did not conclude a definite part of the case and it was not final. For these reasons, the appeal must be dismissed for lack of jurisdiction.

Further, even if the order was final, the entry of a Rule 304(a) finding was an abuse of discretion. "The purpose of Rule 304(a) is to discourage piecemeal appeals and requires the careful exercise of the court's discretion." (*Fleetwood Development Corp. v. Northbrook Property & Casualty Insurance Co.* (1988), 172 Ill. App. 3d 83, 86, 526 N.E.2d 381, 384.) Here, the court attempted to decide the scope of the option agreement before it decided whether it was enforceable. That issue need never be decided if the agreement is not enforceable.

Appeal dismissed.

McNULTY, P.J., and GORDON, J., concur.