FANE LOZMAN, Indiv., *et al.*, Plaintiffs-Appellants, v. GERALD D. PUTNAM, Indiv., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—00—1121

Opinion filed February 28, 2002.—Rehearing denied April 11, 2002.—Modified opinion filed April 18, 2002.

Philip J. Nathanson & Associates (Philip Nathanson, of counsel), Peter D. Kasdin, Ltd. (Peter Kasdin, of counsel), and Much, Shelist, Freed, Denenberg, Ament & Rubenstein, P.C. (Harvey J. Barnett, of counsel), all of Chicago, for appellants.

Baker & McKenzie, of Chicago (William Lynch Schaller, John M. Murphy,

Michael A. Pollard, Kevin S. Simon and Michael A. Duffy, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs Fane Lozman and Blue Water Partners, Inc. (Blue Water), appeal the circuit court's denial of their motion to vacate a stay of discovery and the grant of a section 2—615 (735 ILCS 5/2—615 (West 2000)) (section 2—615) motion to dismiss brought by defendants Archipelago, L.L.C., and Archipelago Holdings, L.L.C. (collectively, Archipelago). Plaintiffs assert they pled sufficient facts in the dismissed counts of their complaint to state a cause of action against Archipelago and that the court committed reversible error by denying their motion to vacate the stay of discovery. The issues raised on appeal include whether (1) the court erred by granting Archipelago's section 2—615 motion to dismiss; and (2) the court abused its discretion by denying plaintiffs' motion to vacate the stay of discovery.

On August 9, 1999, plaintiffs filed their initial complaint for damages and injunctive, declaratory and other equitable relief, alleging, *inter alia*, usurpation of corporate opportunity and breach of joint venture. Certain defendants, including Gerald D. Putnam, Terra Nova Trading, L.L.C. (Terra Nova), Stuart Townsend and Marrgwen Townsend (collectively, the Townsends), Townsend Analytics, Ltd. (Townsend Analytics), and Chicago Trading & Arbitrage, L.L.C. (CTA), moved to dismiss plaintiffs' complaint pursuant to sections 2—615 and 2—619 (735 ILCS 5/2—619 (West 2000)) (section 2—619) of the Code of Civil Procedure (735 ILCS 5/1—101 *et seq.* (West 2000)) (Code). Archipelago, in a separate motion, moved to dismiss plaintiffs' action under sections 2—613 (735 ILCS 5/2—613 (West 2000)) (section 2—613) and 2—615 of the Code. Also, certain defendants and Archipelago separately moved for a protective order staying discovery. The circuit court granted defendants' motions to dismiss, stayed discovery as to all defendants and granted plaintiffs leave to file an amended complaint.

On December 6, 1999, plaintiffs filed their 22-count, revised amended complaint (hereinafter amended complaint)[1] and, shortly thereafter, moved to vacate the stay of discovery. Pertinent to the

---

[1]In their amended complaint, plaintiffs pled the following with respect to count: (I) injunctive relief against Putnam for usurpation of corporate opportunity; (II) an accounting, constructive trust and monetary relief against Putnam for usurpation of corporate opportunity; (III) injunctive relief against Terra Nova for usurpation of corporate opportunity; (IV) an accounting, constructive trust and monetary relief against Terra Nova for usurpation of corporate opportunity; (V) injunctive relief against the Townsends and

instant appeal, in count XIV, plaintiffs sought rescission, cancellation and reformation of a partial release signed by Lozman and Putnam on October 9, 1995, which released Putnam and Terra Nova from liability, but not Archipelago. Plaintiffs alleged that the partial release was procured by means of constructive fraud and breach of fiduciary duty. Plaintiffs pled that such a partial release between fiduciaries is presumed to be fraudulent. In addition to that presumption, according to plaintiffs, Putnam procured the partial release by not disclosing breaches of fiduciary duties which arose out of his status as an officer of Blue Water and joint venture partner of Lozman. Plaintiffs asserted that as a direct and proximate result of defendants' nondisclosure of material facts and Putnam's receipt of money in his fiduciary capacities that he failed to disclose, Lozman's signature on the partial release and his writing of the word "void" on the April 17, 1995, agreement regarding futures and futures options commissions should be rescinded and cancelled. Certain defendants and Archipelago each moved to

---

Townsend Analytics for usurpation of corporate opportunity; (VI) an accounting, constructive trust and monetary relief against the Townsends and Townsend Analytics for usurpation of corporate opportunity; (VII) injunctive relief against CTA for usurpation of corporate opportunity; (VIII) an accounting, constructive trust and monetary relief against CTA for usurpation of corporate opportunity; (IX) injunctive relief against Archipelago for usurpation of corporate opportunity; (X) an accounting, constructive trust and monetary relief against Archipelago for usurpation of corporate opportunity; (XI) injunctive relief against all defendants for breach of joint venture; (XII) an accounting, constructive trust and monetary relief against all defendants for breach of joint venture; (XIII) injunctive, declaratory and other relief to quiet title regarding the ownership and return of the programming code for Scanshift; (XIV) rescission, cancellation and reformation regarding the October 9, 1995, partial release; (XV) rescission and cancellation based on illegal and oppressive conduct and waste of corporate assets pursuant to section 12.56 (805 ILCS 5/12.56 (West 2000)) (section 12.56) of the Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq.* (West 2000)) (Act); (XVI) damages against Putnam, Terra Nova, the Townsends and Townsend Analytics based on illegal and oppressive conduct and waste of corporate assets under section 12.56 of the Act; (XVII) damages against CTA and Archipelago based on illegal and oppressive conduct and waste of corporate assets under section 12.56 of the Act; (XVIII) damages against Putnam, Terra Nova, the Townsends and Townsend Analytics for breach of written contract; (XIX) damages against Putnam, Terra Nova, the Townsends and Townsend Analytics for breach of oral contract; (XX) specific performance against Putnam and Terra Nova of the promise to deliver Terra Nova stock or ownership interest; (XXI) damages against all defendants for breach of the duty of good faith and fair dealing; and (XXII) damages against all defendants for civil conspiracy.

dismiss plaintiffs' amended complaint pursuant to sections 2—615 and 2—619 of the Code.

After lengthy argument on the motions, the circuit court made the following oral findings as to: (1) counts I and II, plaintiffs pled sufficient facts to survive the motions to dismiss, noting that plaintiffs alleged more than mere usurpation of suggested ideas; (2) counts III and IV, for similar reasons as to the first two counts, enough facts were pled to survive the motions to dismiss; (3) counts V and VI, dismissed with prejudice; (4) counts VII and VIII, dismissed with prejudice; (5) counts IX and X, dismissed with prejudice because Archipelago did not exist at the time plaintiffs terminated their relationship with Putnam, the Townsends, Townsend Analytics and Terra Nova; (6) counts XI and XII, Archipelago and CTA were dismissed with prejudice because plaintiffs failed to plead facts demonstrating that they were part of any joint venture, but the court denied the motion as to the remaining defendants; (7) count XIII, dismissed with prejudice; (8) count XIV, sufficient facts were pled to allow the rescission count to remain, specifically noting that plaintiffs alleged the release was fraudulently obtained; (9) counts XV and XVI, dismissed with prejudice because plaintiffs lacked standing under the statute; (10) count XVII, dismissed with prejudice because plaintiffs lacked standing under the statute; (11) counts XVIII and XIX, denied because plaintiffs have pled various facts showing agreements that the parties entered into from which they have yet to receive revenues; (12) count XX, denied because plaintiffs pled sufficient facts illustrating agreements between the parties to transfer ownership; (13) count XXI, all defendants were dismissed with prejudice because an independent cause of action for breach of duty did not exist; and (14) count XXII, Archipelago and CTA were dismissed because Illinois case law supported Archipelago's contention that a corporation cannot conspire with its own agents, but denied the motion as to the remaining defendants.

On March 24, 2000, the circuit court entered a written order granting Archipelago's section 2—615 motion to dismiss counts IX through XII, XVII and XXI through XXII with prejudice, thereby rendering unnecessary consideration of Archipelago's section 2—619 motion. The order also stated that "[t]he dismissal of the Archipelago defendants with prejudice is a final and appealable order pursuant to Supreme Court Rule 304(a) [(134 Ill. 2d R. 304(a))]." In addition, on April 19, 2000, the court ordered that the March 24, 2000, order be amended, *nunc pro tunc*, to read, "[t]he dismissal of the Archipelago defendants with prejudice is a final and appealable order pursuant to Supreme Court Rule 304(a). No just reason exists for delaying either enforcement or appeal or both."

The court also denied plaintiffs' motion to vacate the stay of discovery. Plaintiffs filed a timely notice of appeal.

Plaintiff's amended notice of appeal specifies, among other things, that appeal is taken from the March 24, 2000, order granting defendants' section 2—615 motion to dismiss counts IX through XII, XVII, XXI and XXII, with the appeal being based upon the circuit court's Rule 304(a) finding. Notwithstanding that finding, analysis reveals that the appeal is final only as to counts XI through XII, XVII, XXI and XXII, as shown in the discussion under Part I of this opinion, but not as to counts IX and X, as shown under Part II of this opinion. Separate treatment and result is justified under the principles of judicial economy and efficient administration of justice.

# I

■ In counts XI and XII of their complaint, plaintiffs sought relief against all defendants for breach of joint venture, which is defined as an association of two or more persons to carry out a single enterprise for profit. *Fitchie v. Yurko*, 212 Ill. App. 3d 216, 226, 570 N.E.2d 892 (1991). Here, the facts did not show that plaintiffs and Archipelago were associated to carry out a single enterprise for profit, nor did plaintiffs plead facts demonstrating the existence of a formal or informal agreement establishing a joint venture between themselves and Archipelago.

■ In count XVII, plaintiffs, citing section 12.56 of the Act, pursued a corporate oppression claim against Archipelago for monetary relief based on the conduct of the individual defendants. The supreme court in *Schirmer v. Bear*, 174 Ill. 2d 63, 74-75, 672 N.E.2d 1171 (1996) (*Schirmer*), held that when a plaintiff seeks relief under section 12.55 (805 ILCS 5/12.55 (West 2000)) of the Act by filing an action which alleges illegal, oppressive or fraudulent conduct, plaintiff must establish that defendant engaged in alleged statutory misconduct. Although, here, plaintiffs pled facts showing that Putnam and the Townsends engaged in a series of acts and a course of conduct that prevented them from possessing and commercially enjoying opportunities, assets and benefits, plaintiffs failed to establish facts showing that Archipelago engaged in statutory misconduct. Therefore, applying the holding in *Schirmer* to section 12.56 of the Act, the circuit court properly dismissed count XVII.

■ Further, in count XXI, plaintiffs sought recovery against all defendants for breach of the duty of good faith and fair dealing. In *Voyles v. Sandia Mortgage Corp.*, 196 Ill. 2d 288, 751 N.E.2d 1126 (2001), plaintiff could not bring an independent cause of action in tort for the alleged breach of an implied duty of good faith and fair dealing arising from a contract.

■ Recovery against all defendants for civil conspiracy in count XXII also is not actionable because plaintiffs failed to state an independent cause of action against Archipelago for its claims. See *Indeck North American Power Fund, L.P. v. Norweb PLC*, 316 Ill. App. 3d 416, 432, 735 N.E.2d 649 (2000).

From the foregoing, the record supports the circuit court's dismissal of counts XI, XII, XVII, XXI and XXII.

## II

■ A different issue is presented with respect to the appealability of the dismissal of counts IX and X. Although neither party contests this court's jurisdiction to hear this appeal, the consent of the parties does not confer jurisdiction. Therefore, this court raises the jurisdictional issue *sua sponte. Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 440, 490 N.E.2d 1252 (1985); *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539, 470 N.E.2d 290 (1984); *Vijuk Bindery Equipment, Inc. v. Transconex, Inc.*, 171 Ill. App. 3d 408, 409, 525 N.E.2d 593 (1988).

■ Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) (Rule 304(a)) provides that if multiple parties or claims for relief are involved in an action, a party may appeal a final judgment as to one or more but fewer than all the claims only if the circuit court has made an express written finding that there is no just reason to delay enforcement or appeal of its order. The supreme court has held that a claim includes any right, liability or matter raised in an action. *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465, 563 N.E.2d 459 (1990) (*Marsh*). If a judgment does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal. *Marsh*, 138 Ill. 2d at 465. The purpose of Rule 304(a) is to discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty that existed when a final judgment was entered on fewer than all the matters in controversy. *Marsh*, 138 Ill. 2d at 465.

■ An order which includes language stating that it was entered pursuant to Rule 304(a) nevertheless may not be appealable unless it is a final judgment. *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 511, 571 N.E.2d 209 (1991) (*Viirre*); *cf. Boonstra v. City of Chicago*, 214 Ill. App. 3d 379, 385, 574 N.E.2d 689 (1991) (*Boonstra*) (finding that "[w]here a dismissal is based upon a determination that the complaint is not sufficient to state a cause of action, the order is final and appealable by its nature," and that "an order of dismissal for failure to state a cause of action which is not followed by a request to amend is a final, appealable order and does not require a specific declaration

by the plaintiff that he wishes to stand on the complaint").[2] Accordingly, an initial determination must be made as to whether the circuit court's Rule 304(a) finding was final and appealable.

An order is "final" if it terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or a definite and separate part thereof. *Susman v. Price*, 230 Ill. App. 3d 639, 641, 594 N.E.2d 1332 (1992) (*Susman*); *Village of Niles v. Szczesny*, 13 Ill. 2d 45, 48, 147 N.E.2d 371 (1958). The circuit court may enter an order with the necessary Rule 304(a) language; however, the reviewing court is not precluded from making an independent assessment of the nature of the order. *Bachewicz v. American National Bank & Trust Co. of Chicago*, 75 Ill. App. 3d 252, 258, 393 N.E.2d 652 (1979). A key factor in determining the finality of an order appealed from pursuant to Rule 304(a) is whether the bases for recovery under the counts that were dismissed are different from those in the remaining counts. *Coryell v. Village of La Grange*, 245 Ill. App. 3d 1, 5-6, 614 N.E.2d 148 (1993). In addition, the reviewing court may analyze the precise nature of the conflict remaining between the parties and the effect that the judgment in question will have on that conflict. *Hildebrand v. Topping*, 240 Ill. App. 3d 104, 108, 608 N.E.2d 119 (1992) (*Hildebrand*).

In *Hildebrand*, plaintiff filed a petition for an accounting arising out of two partnerships with defendant. The circuit court ruled in favor of plaintiff on his complaint and against defendant on his counterclaim. The circuit court retained jurisdiction to oversee the final winding up of partnership affairs, final accounting and sale of property belonging to one of the former partnerships. On appeal, defendant asserted that the appellate court lacked jurisdiction pursuant to Rule 304(a) because the circuit court order was not final and appealable, although the necessary language was present in the order. The *Hildebrand* court found that the order was not final and appealable because it was intertwined with the final accounting still pending in the lower court and further ruled that the case could not be resolved without a full examination of the partnership accounts. 240 Ill. App. 3d at 108.

In *Palatine National Bank v. Charles W. Greengard Associates, Inc.*, 119 Ill. App. 3d 376, 456 N.E.2d 635 (1983) (*Palatine*), plaintiff sought to appeal from count IV of its complaint from which the circuit court struck certain claims for damages. Counts I through III of its

---

[2]*Boonstra* does not apply here because plaintiffs in this case followed an order of dismissal for failure to state a cause of action with a request to amend, thereafter filing their amended complaint.

complaint claimed negligence and the fourth count sounded in contract. Defendant contended that the court's order was not final because it did not fully dispose of the contract action, although the court made findings required by Rule 304(a). The *Palatine* court dismissed the appeal as to the circuit court's order regarding count IV, finding that had plaintiff sought to appeal only from the dismissal of the portions of the allegations of count IV, it could not do so properly because the order left the cause of action still pending and undecided under that theory of recovery. 119 Ill. App. 3d at 381.

In the instant case, similar to the above-discussed cases, the circuit court's dismissal of counts IX and X involving Archipelago did not dispose of the parties' rights on a definite part of the litigation, namely, Archipelago's putative liability, because count XIV, the pending rescission count, was not dismissed, the court having denied defendants' motion to do so. A review of the pleadings from that count is necessary to determine whether the court's Rule 304(a) finding was entered improvidently due to a lack of finality of the judgment.

The instant pleadings show that the disputed October 9, 1995, agreement from which plaintiffs seek rescission did not release Archipelago as a party since Archipelago did not exist in name at that time. One of the signatories of the agreement, Putnam, was a fiduciary of Blue Water as its former president. In the rescission count, plaintiffs allege Putnam procured the partial release by means of constructive fraud and breach of fiduciary duty. As part of the partial release agreement, Lozman voided his rights to futures and futures options commissions generated for customer accounts initiated through Scanshift *or* Townsend software, which software plaintiffs claim is utilized currently by Archipelago. Plaintiffs also pled that Archipelago, as an alter ego of Terra Nova, was in the same line of business as Blue Water because Archipelago was formed and is now operated by Putnam and the Townsends.

A complaint need only contain a plain and concise statement of plaintiff's cause of action; it is unnecessary for the complaint to set forth evidence that plaintiff intends to introduce at trial. *Rodgers v. Whitley*, 282 Ill. App. 3d 741, 749, 668 N.E.2d 1023 (1996) (*Rodgers*). Pleadings in the complaint are to be liberally construed "with a view to doing substantial justice between the parties." 735 ILCS 5/2—603(c) (West 2000). A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings which would entitle plaintiff to recover. *Davis v. Temple*, 284 Ill. App. 3d 983, 989, 673 N.E.2d 737 (1996).

Further, a plaintiff is not required to plead facts with precision when the information needed to plead those facts is within the knowl-

edge and control of defendant rather than plaintiff (*Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 110, 672 N.E.2d 1207 (1996) (*Bryson*); *Stap v. Chicago Aces Tennis Team, Inc.*, 63 Ill. App. 3d 23, 29-30, 379 N.E.2d 1298 (1978) (*Stap*)). Those cases are pertinent here because the circuit court granted defendants' motions to stay discovery until after resolution of the motions to dismiss and, thereafter, denied plaintiffs' motion to vacate the stay of discovery. It follows that where defendants have most of the relevant information in their possession, they have no need to rely primarily on facts stated in plaintiffs' complaint to formulate an answer and responsive motions since they are aware of and can determine easily the specific details for themselves. *Bryson*, 174 Ill. 2d at 110; *Stap*, 63 Ill. App. 3d at 28-30. In cases such as this one, plaintiffs can state the material facts with less specificity than normally would be required and the pleading will not be considered to be bad in substance if it reasonably informs defendants of the nature of the claim they must meet. *Bryson*, 174 Ill. 2d at 111; *Champaign National Bank v. Illinois Power Co.*, 125 Ill. App. 3d 424, 428, 465 N.E.2d 1016 (1984).

Accepting the factual allegations contained in plaintiffs' pleadings as true and considering them in a light most favorable to plaintiffs (*Rodgers*, 282 Ill. App. 3d at 746), sufficient facts have been pled to show, allegedly, the line of business from Blue Water to Archipelago, with Putnam as the fiduciary link in common for all the corporations that were formed until the eventual creation of Archipelago. Plaintiffs having pled a connection between Archipelago and the October 9, 1995, release raises Archipelago's potential liability through Putnam's actions and Archipelago's usage of Scanshift and Townsend software, thereby making the determination of Archipelago's conceivable liability intertwined with and inseparable from the resolution of the rescission count.

Considering Putnam as the fiduciary link between Blue Water and Archipelago, the language in the rescission count does not evince finality as to Archipelago's possible liability. Further, because the pleadings show Putnam's involvement as a fiduciary for Blue Water, Terra Nova and Archipelago, defendants reasonably were informed of the nature of the breach of fiduciary duty and constructive fraud claims through the alleged line of business leading to the formation of Archipelago. Therefore, resolution of the pending rescission count is paramount because if plaintiffs were to succeed below in rescinding the October 9, 1995, partial release, Archipelago potentially could be held liable for claims that the circuit court dismissed.

The bases for recovery under counts IX and X that were dismissed could be affected by the outcome of trial as to count XIV, for

which uncertainty still exists. The circuit court's grant of Rule 304(a) relief as entered here is reviewed under an abuse of discretion standard. *Schal Bovis, Inc. v. Casualty Insurance Co.*, 314 Ill. App. 3d 562, 570, 732 N.E.2d 1082 (1999); *Susman*, 230 Ill. App. 3d at 642. To determine appealability, Illinois courts have looked to federal cases discussing the Federal Rules of Civil Procedure, specifically Federal Rule 54(b) (Fed. R. Civ. P. 54(b)) (Rule 54(b)), which has substantially similar language to Rule 304(a). See *Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372, 378-89, 589 N.E.2d 711 (1992) (*Geier*).

■ In *Geier*, the court considered various factors utilized by the federal courts to determine whether the certification for appeal of a portion of a case was an abuse of discretion. These factors include: " '(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the [district] court's discretion in certifying a judgment as final under Rule 54(b).' " *Geier*, 226 Ill. App. 3d at 383, quoting *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975); *cf. Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999).

The *Geier* court also noted the United States Supreme Court's decisions, which emphasize a pragmatic approach by utilizing a severability analysis. "Where the dismissed claims 'can be decided independently of each other,' " in that they are not " 'so inherently inseparable from, or closely related to' the remaining claims, then the [circuit] court does not abuse its discretion in certifying that there exists no just reason for delay of the appeal." *Geier*, 226 Ill. App. 3d at 385, quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 100 L. Ed. 1297, 1306, 76 S. Ct. 895, 900 (1956); see also *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 64 L. Ed. 2d 1, 12-13, 100 S. Ct. 1460, 1466 (1980). If, however, there is an abundance of factual overlap between the decided and the retained claims, they are not separate, and an appeal must be deferred until the latter are resolved. *Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698, 702 (7th Cir. 1984).

■ In the case *sub judice*, some of the adjudicated and unadjudicated claims are inseverable because, as previously noted, Archipelago's

liability cannot be determined fully until resolution of the pending rescission count. Appellate review of the dismissed counts of plaintiffs' complaint might be mooted by future developments in the circuit court if there is a ruling against plaintiffs regarding the rescission count. Also, as discussed above, a ruling in plaintiffs' favor would create the possibility that Archipelago could be held liable for the claims the circuit court dismissed, thereby potentially obliging the reviewing court to consider the issue of Archipelago's liability a second time. In addition, much factual overlap exists between the decided and retained claims. Therefore, the claims are not separate and an appeal should be deferred until the rescission count is resolved.

A ruling by this court at this early stage regarding the circuit court's findings would become the law of the case, settling the question of Archipelago's liability on remand regardless of the outcome of the pending rescission count. *Coldwell Banker Havens, Inc. v. Renfro*, 288 Ill. App. 3d 442, 448, 679 N.E.2d 1299 (1997) (law of the case doctrine provides that once a question of law or fact is litigated and decided, that is the end of the matter, and the decision settles the question for all subsequent stages of a lawsuit); *Zokoych v. Spalding*, 84 Ill. App. 3d 661, 667, 405 N.E.2d 1220 (1980) (questions of law decided in a previous appeal are binding on both the circuit court and the appellate court). Appellate jurisdiction will not be extended when a ruling on review may affect a future determination of pending counts below. *Viirre*, 212 Ill. App. 3d at 512; *Brown v. K.J.S. Co.*, 189 Ill. App. 3d 768, 771, 545 N.E.2d 555 (1989); *In re Marriage of Ryan*, 188 Ill. App. 3d 679, 682, 544 N.E.2d 454 (1989).

Based on the foregoing, the circuit court abused its discretion by entering a Rule 304(a) finding as to counts IX and X because the claims against Archipelago are inseverable until the resolution of the rescission count below.

A reviewing court has a duty to dismiss an appeal when it cannot exercise jurisdiction. *E.M.S. Co. v. Brandt*, 103 Ill. App. 2d 445, 448, 243 N.E.2d 695 (1968). Accordingly, the dismissal of counts XI, XII, XVII, XXI and XXII is affirmed; however, because the March 24, 2000, and April 19, 2000, orders dismissing counts IX and X were not final and appealable, the Rule 304(a) findings as to those counts were entered improvidently and, as to them, this appeal is dismissed.[3]

Affirmed in part; appeal dismissed in part.

HOFFMAN, P.J., and THEIS, J., concur.

---

[3]In light of this disposition, the issue relating to the asserted impropriety of the circuit court's discovery ruling need not be addressed at this time.