2020 IL App (2d) 190956-U
No. 2-19-0956
Order filed September 21, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE CITY OF CRYSTAL LAKE FIRE RESCUE DEPARTMENT FOREIGN FIRE INSURANCE TAX BOARD; CRYSTAL LAKE PROFESSIONAL FIREFIGHTERS ASSOCIATION, LOCAL NO. 3926; and JOSEPH FORSBERG, BRIAN MARINO, CHRIS ANGELO, and MICHAEL GEYMAN, Individually and in Their Official Capacities as Officers of the City of Crystal Lake Fire Rescue Department Foreign Fire Insurance Tax Board, | ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 17-MR-587 |
| THE CITY OF CRYSTAL LAKE; AARON T. SHEPLEY, in His Official Capacity as Mayor of the City of Crystal Lake; ELLEN BRADY, RALPH DAWSON, CATHY FERGUSON, HAIG HALEBLIAN, BRETT HOPKINS, and CAMERON HUBBARD, in Their Official Capacities as Members of the City of Crystal Lake City Council; GARY J. MAYERHOFER, in His Official Capacity as City Manager of the City of Crystal Lake; and GEORGE KOCZWARA, in His Official Capacities as Treasurer and Finance Director of the City of Crystal Lake, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants-Appellees | ) ) | |

| (THE CITY OF CRYSTAL LAKE, | ) | |
|---|---|---|
| Counterplaintiff and Third-Party Plaintiff v. | ) | |
| JOSEPH FORSBERG, CHRIS ANGELO, | ) | |
| BRIAN MARINO, and MICHAEL GEYMAN, | ) | |
| in Their Official Capacities as Officers of the | ) | |
| City of Crystal Lake Fire Rescue Department | ) | |
| Foreign Fire Insurance Tax Board, | ) | Honorable |
| Counterdefendants; and ASHER, GITTLER & | ) | Thomas A. Meyer, |
| D'ALBA, LTD, Third-Party Defendant). | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Birkett and Justice McLaren concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not enter a "final judgment" for purposes of Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), so the appellate court dismissed the appeal for lack of jurisdiction.

¶ 2    Plaintiffs—the City of Crystal Lake Fire Rescue Department Foreign Fire Insurance Tax Board (Board)[1]; Crystal Lake Professional Firefighters Association, Local No. 3926 (Union); and Joseph Forsberg, Brian Marino, Chris Angelo, and Michael Geyman, individually and in their official capacities as officers of the Board—filed a four-count second amended complaint in the circuit court of McHenry County against defendants—the City of Crystal Lake (City); Aaron T. Shepley, in his official capacity as mayor of the City; Ellen Brady, Ralph Dawson, Cathy Ferguson, Haig Haleblian, Brett Hopkins, and Cameron Hubbard, in their official capacities as members of the City's City Council; Gary J. Mayerhofer, in his official capacity as city manager of the City; and George Koczwara, in his official capacities as treasurer and finance director of the City.  The

_____

[1] The appellees contend that the Board's proper name is the "City of Crystal Lake Foreign Fire Insurance Tax Board."  For purposes of this appeal, we will use the name as captioned in the plaintiffs' second amended complaint.

trial court dismissed counts I through III of plaintiffs' second amended complaint. Count IV remains pending, along with the City's amended counterclaim/third-party complaint. Purportedly to allow plaintiffs to take an immediate appeal from the dismissal orders, the court issued findings pursuant to Supreme Court Rule 304(a) (eff. Mar. 8, 2016). We dismiss the appeal for lack of appellate jurisdiction because the adjudicated counts arise out of the same operative facts as, and are inextricably intertwined with, the counts that are pending in the trial court.

¶ 3                                    I. BACKGROUND

¶ 4      Out-of-state companies that issue fire insurance policies to properties that are situated within Illinois municipalities are subject to a "tax or license fee." 65 ILCS 5/11-10-1 (West 2018). Sections 11-10-1 and 11-10-2 of the Illinois Municipal Code (65 ILCS 5/11-10-1, 2 (West 2018)) detail the procedures for assessing such taxes and for managing the money collected. For purposes of this appeal, it is unnecessary to summarize those statutes in detail. It will suffice to say that municipalities "may prescribe by ordinance" a tax in a "sum not exceeding 2% of the gross receipts received from fire insurance upon property situated within the municipality or district." 65 ILCS 5/11-10-1 (West 2018). Any money that is collected must be used for the "maintenance, use, and benefit of the fire department." 65 ILCS 5/11-10-1 (West 2018).

¶ 5      The impetus for this litigation is the disagreement between the City and the Board as to the level of control that the City may lawfully exert over foreign fire insurance tax revenue. In the City's view, nothing requires it to levy a foreign fire insurance tax, and the Board has no legal existence independent of the City. The City also believes that nothing prevents it from determining through regulation what it means for expenditures to be for the "maintenance, use, and benefit" of the fire department. The Board, on the other hand, interprets the statutes as requiring the City to tax foreign fire insurance companies. The Board further maintains that it is entitled to control the

foreign fire insurance tax revenue and to have autonomy in spending that money.

¶ 6 Prior to 2017, the City taxed foreign fire insurance companies at 2%. Tensions between the City and the Board arose in 2016, when the Board expressed an interest in establishing an independent bank account to hold the foreign fire insurance tax revenue. In 2017, the City twice amended its foreign fire insurance tax ordinance, thereby exerting additional control over the existing revenue and prospectively eliminating the tax imposed on foreign fire insurance companies.

¶ 7 Plaintiffs commenced this action in August 2017. In count I of their second amended complaint, plaintiffs sought a declaratory judgment that defendants violated sections 11-10-1 and 11-10-2 of the Illinois Municipal Code by eliminating the foreign fire insurance tax. In this count, plaintiffs further requested a writ of mandamus commanding defendants to comply with the Illinois Municipal Code "by repealing its [*sic*] effort to completely eliminate and repeal" the foreign fire insurance tax. Plaintiffs also requested reimbursement for "all fees and costs associated with the filing and prosecution of this case" and "any further relief deemed just and proper by the court."

¶ 8 In count II of their second amended complaint, plaintiffs sought a declaratory judgment that defendants violated sections 11-10-1 and 11-10-2 of the Illinois Municipal Code by failing to release all foreign fire insurance tax revenue to the Board. In this count, plaintiffs also requested a writ of mandamus commanding defendants to release all foreign fire insurance tax revenue to the Board. As in count I, plaintiffs further prayed for reimbursement of fees and costs and any other just and proper relief.

¶ 9 In count III of their second amended complaint, plaintiffs sought a declaratory judgment that defendants violated sections 11-10-1 and 11-10-2 of the Illinois Municipal Code by making the Board's purchases subject to the City's approval and by establishing spending parameters that

were narrower than allowed by statute. In this count, plaintiffs sought a writ of mandamus requiring defendants to repeal all portions of its ordinance that (a) make the Board's purchases subject to the City's approval or subordinate to the City's ordinance and (b) establish spending parameters that differ from the "maintenance, use and benefit" standard that is set forth by statute. As in counts I and II, plaintiffs prayed for reimbursement of fees and costs, along with any further just and proper relief.

¶ 10    In count IV, plaintiffs alleged that, in late 2016, Marino, in his capacity as a City employee and the Board's treasurer, complained of the City's conduct to the McHenry County State's Attorney as well as the Crystal Lake Police Department. According to plaintiffs, the City retaliated against the Board and members of the Union by twice amending its ordinance to substantially curtail the Board's spending and to eliminate the Board's source of funding. Plaintiffs further alleged that the City retaliated against Marino personally in conjunction with his performance review and his exam for promotion to lieutenant. For their relief, plaintiffs requested (1) an order declaring that defendants violated sections 15(b) and 20.1 of the Whistleblower Act (740 ILCS 174/15(b), 20.1 (West 2018)); (2) an order repealing all allegedly retaliatory amendments to the City's foreign fire insurance tax ordinance; (3) an order ameliorating the actions against Marino in conjunction with his performance review and his exam for promotion; (4) reimbursement for litigation costs and attorney fees; and (5) any further just and proper relief.

¶ 11    Defendants moved to dismiss the second amended complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2018)). Specifically, defendants argued: (1) count I must be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), because section 11-10-1 of the Illinois Municipal Code allows the City to set its foreign fire insurance tax rate at 0%; (2) all counts must be dismissed pursuant to section 2-619 of the Code (735 ILCS 5/2-

619 (West 2018)) as to the Board as a plaintiff, because the Board lacks the capacity to sue; (3) counts I through III must be dismissed pursuant to section 2-619 as it relates to the claims brought by the Board's members and the Union, because they lack standing; (4) counts II and III must be dismissed pursuant to section 2-615, because the City is entitled to oversee the foreign fire insurance tax account and to place reasonable restrictions on the Board's expenditures; and (5) count IV must be dismissed pursuant to section 2-619, because the City is immune for its legislative acts and because the alleged retaliation against Marino resulted in no adverse employment action.

¶ 12    On  March 8, 2018, the court dismissed count I of the second amended complaint with prejudice pursuant to section 2-615 of the Code, agreeing with the City that it is statutorily authorized to set its foreign fire insurance tax rate at 0%.  The court denied, without prejudice, defendants' 2-615 motion that was directed against counts II and III.  The court denied, with prejudice, defendants' 2-619 motion that was directed against count IV, as the court determined that disputed facts precluded dismissal.[2]  The court requested additional briefing as to whether the Board had the capacity to sue and whether the Board's members and the Union had standing with respect to counts I through III.

---

[2] In their response to the motion to dismiss, plaintiffs conceded that the City was immune with respect to the allegations that it retaliated against the Board through legislative actions.  See 745 ILCS 10/2-103 (West 2018) ("A local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.").  Plaintiffs requested leave to amend certain paragraphs of count IV to correct that matter.  Plaintiffs never formally amended count IV.

¶ 13    Following the additional briefing, on September 19, 2018, the court determined that the Board lacked the capacity to sue and that the Board's members and the Union lacked standing. The court thus dismissed counts II and III of plaintiffs' second amended complaint with prejudice. Given that count IV remained pending, the court discussed with the parties the possible avenues of plaintiffs taking an immediate appeal, including by certifying a legal question in accordance with Supreme Court Rule 308 (eff. Oct. 1, 2019).  Plaintiffs did not pursue an appeal at that time.

¶ 14    On October 12, 2018, the City filed a three-count counterclaim and third-party complaint. The City named as counterdefendants Forsberg, Angelo, Marino, and Geyman, in their official capacities.  The City named as a third-party defendant plaintiffs' counsel: the law firm of Asher, Gittler, & D'Alba, Ltd.  The counterclaim/third-party complaint sought declarations regarding the validity of the Board's contract with its counsel for representation in connection with this litigation. To that end, the City reiterated the legal theory that it had advanced in support of defendants' motion to dismiss plaintiffs' second amended complaint: *i.e.*, that the City created the Board, that the Board had no legal existence that was separate from the City, and that the Board had no capacity to sue or be sued.  Given that the City had not authorized any contract with the Board's counsel, the City sought declaratory judgments that (1) the Board may not use foreign fire insurance funds to pay its counsel, (2) any contract between the Board and its counsel is void, and (3) the City is not liable to compensate the Board's counsel for services rendered on behalf of the Board.

¶ 15    The counterdefendants and the third-party defendant moved to dismiss the City's counterclaim/third-party complaint pursuant to section 2-619.1 of the Code.  Among their arguments was that the City failed to allege an actual controversy, given that the City did not allege that the Board had paid its counsel.  The counterdefendants and the third-party defendant raised other legal challenges that were consistent with the views that plaintiffs had articulated when

defending against the motion to dismiss their second amended complaint. For example, the counterdefendants and the third-party defendant again challenged the validity of the City's foreign fire insurance tax ordinance, insofar as it conflicted with the governing statutes.

¶ 16    On April 30, 2019, the court dismissed the counterclaim/third-party complaint without prejudice pursuant to section 2-615 of the Code. The court's concern was that some of the issues in the counterclaim/third-party complaint were not ripe for adjudication, given that the Board's counsel had not attempted to collect fees from either the Board or the City.

¶ 17    On May 28, 2019, the City filed an amended counterclaim/third-party complaint. The City re-pleaded counts I through III of its original counterclaim/third-party complaint "for the purpose of preserving the claim[s] for future amendment and appeal." In count IV, the City sought a declaration that any contract arising from the Board's officers' execution of an engagement letter for legal services is void. In count V, the City sought a declaration that the same engagement letter is void because it is illegal. The legal theories underpinning counts IV and V are consistent with what the defendants had argued when they moved to dismiss plaintiffs' second amended complaint. For example, the City alleged that the Board was a subsidiary body of the City and had no authority to file a lawsuit.

¶ 18    The counterdefendants and the third-party defendant moved to dismiss the City's amended counterclaim/third-party complaint pursuant to section 2-619.1 of the Code. Among their arguments was that "[t]he City's entire Amended Counterclaim is premised on an unsettled proposition of law concerning an issue of first impression that both parties have acknowledged will be appealed"—specifically, the court's finding in conjunction with ruling on the motion to dismiss plaintiffs' second amended complaint that the Board was not a separate and distinct entity from the City.

¶ 19    The hearing on the motion to dismiss the amended counterclaim/third-party complaint was scheduled for September 26, 2019.  The court did not entertain argument on the motion.  Instead, the court noted that the issues raised by the motion were "tied up" with the court's previous ruling that the City and the Board were not separate entities.  Given that the plaintiffs would undoubtedly eventually appeal that ruling, the court suggested that it might be appropriate to certify an issue pursuant to Supreme Court Rule 308.  Defense counsel proposed the alternative method of plaintiffs pursuing "an interlocutory appeal" of the "final decisions" on counts I through III of plaintiffs' second amended complaint (presumably, defense counsel was referencing an appeal pursuant to Rule 304(a)).  The court indicated that it had no problem proceeding in that manner. The court continued the matter for a week so that the parties could decide their preferred course of action.

¶ 20    On October 2, 2019, the City filed a motion requesting Rule 304(a) findings with respect to the March 8 and September 19, 2018, rulings on counts I through III of plaintiffs' second amended complaint.  On October 3, 2019, the court entered an order making the requested Rule 304(a) findings.  The order also indicates: "the oral motion of Plaintiffs is granted, and all proceedings relating to Count IV of the Second Amended Complaint and the Amended Counterclaim and Third-Party Complaint shall be stayed pending resolution of any appeal."  The record does not contain a report of proceedings for October 3, 2019.

¶ 21    On October 31, 2019, plaintiffs filed a notice of appeal. On November 25, 2019, with leave of this court, plaintiffs filed an amended notice of appeal.

¶ 22                                  II. ANALYSIS

¶ 23    Plaintiffs challenge the dismissal of counts I through III of their second amended complaint.  Although the parties do not question our jurisdiction, we have an independent duty to

- 9 -

consider our jurisdiction and to dismiss the appeal if jurisdiction is lacking. *Houghtaylen v. Russell D. Houghtaylen By-Pass Trust*, 2017 IL App (2d) 170195, ¶ 12. We determine that jurisdiction is lacking.

¶ 24   Supreme Court Rule 304(a) provides, in relevant portion:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both."

" '[T]he fact that the trial court made a finding pursuant to Rule 304(a) does not necessarily mean that the order was final and appealable if the order was not in fact final.' " *Davis v. Loftus*, 334 Ill. App. 3d 761, 766 (2002) (quoting *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 511 (1991)). The appellate court may independently assess the nature of an order to determine whether it is final. *Lozman v. Putnam*, 328 Ill. App. 3d 761, 768 (2002). An order is final and appealable for purposes of Rule 304(a) if it "terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23. An order that disposes of " 'separate, unrelated claims' " in an action is immediately appealable pursuant to Rule 304(a), but an order that merely disposes of " 'separate issues relating to the *same* claim' " is not. (Emphasis in original.) *Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 15 (quoting *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983)).

¶ 25   Generally, "if a claim based on the same operative facts remains pending when the court issues Rule 304(a) language, then the court has not resolved even a part of the dispute, and the

order is nonfinal." *Illinois State Bar Ass'n Mutual Insurance Co. v. Canulli*, 2019 IL App (1st) 190141, ¶ 17.   In *Davis*, the court explained the purpose of this rule:

>   "An appeal from the dismissal of one count of a multicount complaint wastes judicial resources if the plaintiff, in the dismissed count, seeks relief based on the same operative facts as those forming the basis for a surviving count.  Permitting a separate appeal in such a case would require the appellate court to relearn, inefficiently, the same set of facts when the case returns for a second appeal following final judgment on all of the claims. [Citations.]  Moreover, the appellate court would address facts still at issue in the claims remaining before the trial court, compromising the trial court's position as the primary fact finder." *Davis*, 334 Ill. App. 3d at 767.

The court in *Davis* dismissed portions of an appeal as premature where the trial court resolved certain counts but left pending other counts that depended on the same facts and requested identical relief. *Davis*, 334 Ill. App. 3d at 767-68.

¶ 26    Other cases have recognized that it is appropriate to dismiss an appeal as premature if the counts that the trial court resolved are "inextricably intertwined" with pending counts. *Arachnid, Inc. v. Beall*, 210 Ill. App. 3d 1096, 1104 (1991); see also *Hildebrand v. Topping*, 240 Ill. App. 3d 104, 108 (1992) (a money judgment was not a final and appealable judgment where it was "intertwined" with a pending action for a final accounting).   When considering whether the existence of pending counts based on the same operative facts precludes appellate jurisdiction of the counts that have been adjudicated, we may consider any counterclaims on file. See *Blumenthal*, 2016 IL 118781, ¶ 26 (an order dismissing certain counts of a counterclaim was not appealable pursuant to Rule 304(a), because the plaintiff's underlying complaint, which "arose from the same set of operative facts and sought precisely the same thing" as the counterclaims, remained

pending).

¶ 27    Here, the dismissed counts of plaintiffs' second amended complaint arise out of the same operative facts as count IV, which remains pending.  Indeed, count IV begins by restating and realleging all preceding paragraphs of the second amended complaint.  Count IV also seeks some of the same relief as the dismissed counts, including an order to "repeal" the City's 2017 amendments to its foreign fire insurance tax ordinance.  The City's pending amended counterclaim/third-party complaint likewise involves the same operative facts as plaintiffs' dismissed claims.  Moreover, the amended counterclaim/third-party complaint is premised on the same disputed legal arguments that the parties litigated in connection with the dismissed counts.

¶ 28    A dismissal order may be final for purposes of Rule 304(a) if, for example, the dismissed counts involve different parties than the remaining counts or involve "wholly disparate facts." *Canulli*, 2019 IL App (1st) 190141, ¶ 17.  That is not the case here.  A dismissal order may also be appealable if the various counts present separate and distinct causes of action that require proof of different elements.  *Benton v. Little League Baseball, Inc.*, 2020 IL App (1st) 190549, ¶ 78, n.9. Here, however, the dismissed counts and the pending counts overlap in substantial ways both factually and legally, to the point that they are inextricably intertwined.  The fact that the trial court felt compelled to stay all proceedings pending this appeal reinforces our conclusion on this point. If the various counts were truly separate and unrelated, there would be no need to stay any proceedings.  See *Lozman*, 328 Ill. App. 3d at 768 ("[T]he reviewing court may analyze the precise nature of the conflict remaining between the parties and the effect that the judgment in question will have on that conflict.").

¶ 29    We also have concerns that the parties may have used Rule 304(a) as a means of circumventing Rule 308, which further supports our conclusion that there is no final judgment

here. See *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 32 (dismissing an appeal where Rule 304(a) was used "to improperly circumvent Rule 308's procedural requirements for expedited appellate review, without regard for whether Rule 304(a) should apply."). On September 26, 2019, the trial court informed the parties that a Rule 308 appeal would be warranted to obtain authoritative guidance on the legal issues that permeated the case and which would affect the pending motion to dismiss the amended counterclaim/third-party complaint. Notably, Rule 308 appeals are narrow in scope and must be confined to pure issues of law. See *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 21 ("Certified questions must not seek an application of the law to the facts of a specific case."). Rule 308 also permits appeals only with the permission of the appellate court.

¶ 30    In response to the trial court's comments, defense counsel raised the possibility of plaintiffs pursuing an "interlocutory appeal" of the court's "final decisions" as to the dismissed counts. Although counsel's language was self-contradictory, it appears that he was referencing an appeal pursuant to Rule 304(a). The court then indicated that it had "no problem with the way you want to do it": *i.e.* the court was willing to accommodate whatever procedural mechanism the parties agreed was appropriate for facilitating an immediate appeal. The court continued the matter to October 3, 2019, to see if the parties could reach an agreement on that point. On October 2, the City filed a motion requesting Rule 304(a) findings, and the trial court granted that request on October 3. Although the record does not contain a transcript of the October 3 proceedings, the transcript of the September 26 proceedings gives rise to the surmise that the parties pursued Rule 304(a) as a means of circumventing Rule 308—specifically, Rule 308's narrow scope and its requirement to obtain approval to appeal from the appellate court. Although we impute no improper motive to the parties whatsoever, the fact that their discussion shifted from pursuing an

interlocutory appeal under Rule 308 to pursuing an appeal of a final judgment under Rule 304(a) supports our conclusion that there is no final judgment here and thus the requirements of Rule 304(a) are not met.

¶ 31    We express no opinion on whether we would grant leave to appeal pursuant to Rule 308. Our resolution of this appeal renders moot the City's unrelated January 24, 2020, motion to dismiss, which we ordered taken with the case.

¶ 32                              III. CONCLUSION

¶ 33    For the forgoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 34    Appeal dismissed.